**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Robert B. CUMMINS,
Defendant–Appellant.**

No. 89–6333.

United States Court of Appeals,
Sixth Circuit.

Argued May 8, 1990.

Decided Aug. 13, 1990.

Joseph M. Whittle, U.S. Atty., Terry Cushing (argued), David P. Grise, Asst. U.S. Attys., Louisville, Ky., for plaintiff-appellee.

G. Murray Turner [COR NTC gvt] Mulhall, Turner & Hoffman, Louisville, Ky., for defendant-appellant.

Before WELLFORD and BOGGS, Circuit Judges, and GILMORE, District Judge.*

GILMORE, District Judge.

In this case, Appellant appeals the District Court's denial of his Motion to Suppress, and the Magistrate's denial of his Motion for Disclosure of the Identity of a Confidential Informant and Sources of Information. Appellant has entered a conditional plea of guilty pursuant to Fed.R. Crim.P. 11(a)(2), reserving his right to appeal from the adverse determinations of these motions.

For the reasons set forth herein, we affirm.

---

* The Honorable Horace W. Gilmore, United States District Judge for the Eastern District of Michigan, sitting by designation.

## I

Appellant had been under investigation by the Louisville Police Department for sales of narcotics for approximately six months when, on November 22, 1988, a confidential informant told Police Detective Rusty Wilson that he or she had observed large amounts of cocaine at the apartment of the Appellant. With the confidential informant present, Detective Wilson relayed the information by telephone to Detective Jerry Warman. Detective Warman then executed an affidavit for a search warrant to a State district judge, in which he stated, in pertinent part:

> On the 22nd day of November, 1988, at approximately 11:00 a.m., affiant received information from [a] confidential reliable informant pursuant to KRS 218a260, who over the past two years has provided information that has led to the arrest and conviction of several persons for trafficking and/or possession of illegal controlled substances, and the seizure of several thousand dollars worth of illegal controlled substances.
>
> The CI stated he/she had been to 4811 South 3rd, apartment 6B within the past 48 hours and while there saw in the possession of Robert Cummins several packages of cocaine, the CI stated that Robert Cummins keeps a large amounts [sic] of cocaine at this location.

Based upon this affidavit, the judge issued a search warrant for Cummins's apartment.

Execution of the search warrant turned up in excess of 2 kilograms of cocaine.[1] Shortly after the search, the police arrested Cummins in his car and found cocaine there.

Based upon the information gathered on November 22, including statements made by Cummins at the time of the arrest, and on a previously received anonymous tip, Detective Warman obtained a search warrant for Cummins's house at 522 Brentwood Ave., Louisville. Execution of the second warrant resulted in the recovery of more than one kilogram of cocaine and approximately $158,000 in cash.

In the District Court, Cummins sought to suppress the cocaine seized at both locations, claiming deficiencies in the affidavit underlying the first warrant. He also moved the Magistrate to disclose the identity of the confidential informant or to interview the informant in camera

In support of suppression, Cummins argued that Officer Warman did not speak to the informant, lacked personal knowledge of the informant's reliability, and falsely stated that the informant had seen Cummins at the apartment. At a suppression hearing held before the Magistrate, Detective Wilson stated he did not remember whether the confidential informant said that he or she had seen the cocaine in Cummins's possession. He also testified that he knew the confidential informant to be reliable. Officer Warman testified that Officer Wilson had given him the information contained in the affidavit, including, apparently, that the informant had seen Cummins in possession of the cocaine.

Based on the evidence, the Magistrate recommended that the search be sustained, and the District Court affirmed. The District Court determined that the fact that Wilson had relayed information from the informant to Warman instead of Warman talking to the informant directly was immaterial. It also found that Wilson's knowledge of the informant's reliability was sufficient, and that Warman's statement that the informant had seen Cummins in possession of the cocaine was not deliberately false or made with reckless disregard for the truth. The Court further determined that, even if the statements were false and thus stricken from the affidavit, the affidavit was sufficient to support probable cause.

In regard to Appellant's second motion, for disclosure of the identity of the confidential informant, the Government disclosed the name of the informant and the

---

1. It should be noted that on November 17 a fire had occurred in the apartment building where the first search took place. A cleanup crew working on Cummins' apartment found what they suspected was cocaine.

details of his or her payment to the Magistrate in camera. Based on this information, the Magistrate refused to reveal the name of the confidential informant or to interview the informant in camera.

On appeal, Cummins contends that the District Court erred in not suppressing the cocaine and that the Magistrate erred in not disclosing the identity of the confidential informant or interviewing the informant in camera.

## II

■ The first issue before the Court is whether the District Court erred in not suppressing the cocaine.

Appellant's argument is based on *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), which held that statements in an affidavit that are intentionally false or made with reckless disregard for the truth must be stricken, and then whether the warrant issued on probable cause must be determined by the affidavit with those statements excluded. He argues that the affidavit falsely stated that Warman spoke with the informant, while the hearing testimony made clear that only Wilson had spoken with him or her. He argues that Warman falsely stated that the informant provided information leading to the arrest and conviction of several drug traffickers and the seizure of several thousand dollars worth of illegal drugs in the past, yet at the hearing he did not specifically support the confidential informant's reliability. Finally, he claims that Warman falsely stated that the informant had been in the apartment in the past 48 hours and had seen Cummins there in possession of cocaine, when at the hearing there was no evidence that the informant had seen Cummins in the apartment. He argues that without the false statements there is no probable cause, so the evidence from the first search must be suppressed. He says also that the evidence from the second search must be suppressed because the second warrant was issued based upon information obtained from the search performed pursuant to the first warrant.

Appellee argues that Cummins's claim of falsity based on who spoke to the confidential informant is absurd because the issue could have been avoided if Wilson had handed the phone to the informant. The Government also contends that Appellant's other claims are not supported by the record. Wilson testified that the informant had been reliable in the past, and that the informant told him that he or she had been in the apartment and had seen the cocaine. The Government claims the discrepancy between the affidavit stating that Cummins was in the apartment and Wilson's testimony that Cummins was not there represents either a lapse of memory by Wilson or a misunderstanding by Warman. The Government claims that neither the Magistrate nor the District Court found the statement deliberately false or made with reckless disregard for the truth, and the District Court noted that absent the statement, there still would be probable cause.

As Appellant claims, the significant Supreme Court case on false affidavits underlying search warrants is *Franks v. Delaware, supra.* There, the Court made clear:

[W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit.

*Id.* at 155–56, 98 S.Ct. at 2676.

The Court summarized:

There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be ac-

companied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons.... Allegations of negligence or innocent mistake are insufficient.... Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required.

*Id.* at 171–72, 98 S.Ct. at 2684.

The Sixth Circuit has recently reiterated this standard in *U.S. v. Bennett,* 905 F.2d 931 (6th Cir.1990) where it stated:

A defendant who challenges the veracity of statements made in an affidavit that formed the basis for a warrant has a heavy burden. His allegations must be more than conclusory. He must point to specific false statements that he claims were made intentionally or with reckless disregard for the truth. He must accompany his allegations with an offer of proof. Moreover, he also should provide supporting affidavits or explain their absence. If he meets these requirements, then the question becomes whether, absent the challenged statements, there remains sufficient content in the affidavit to support a finding of probable cause.

If probable cause exists absent the challenged statements, a defendant is entitled to no more; however, if such cause does not exist absent the challenged statements, he is entitled to a hearing if he requests one. He must show at the hearing, by a preponderance of the evidence, that false statements were made either intentionally or with reckless disregard for the truth and that without these statements there is insufficient content in the affidavit to support a finding of probable cause. If he makes this showing, the evidence should be suppressed.

905 F.2d at 934 (citations omitted).

Similarly, the Sixth Circuit made clear in *U.S. v. Campbell,* 878 F.2d 170 (6th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 243, 107 L.Ed.2d 194 (1989), that a defendant is entitled to an evidentiary hearing on the veracity of the statements of the affidavit and the warrant affidavit "if and only if" Defendant shows that "(1) there is a substantial preliminary showing that specified portions of the affiant's averments are deliberately or recklessly false *and* (2) a finding of probable cause would not be supported by the remaining content of the affidavit when the allegedly false material is set to one side." *Id.* at 171 (emphasis in original). Moreover, the Court determined that a deliberate falsehood must be material if the warrant is to be voided because of falsehood. *Id.* at 173.

In an effort to make the requisite preliminary showing, Appellant presented two affidavits. The first was from Cummins, who stated that Warman's affidavit falsely said that Appellant was present at the apartment and was seen there by the informant. The second affidavit was from Appellant's counsel who stated that he had interviewed several witnesses about the issuance of the warrant, and believed that evidence in Warman's affidavit was omitted and misrepresented. Specifically, he stated that the witnesses told him that Appellant was not at the apartment during the time frame described in Warman's affidavit.

We find that these affidavits are insufficient to make the requisite "substantial preliminary showing." Although Appellant makes three claims of falsity on appeal, the affidavits presented by Appellant concern only the Appellant's third claim, that Warman's affidavit falsely said that the informant had seen Cummins in the apartment. Nevertheless, we will consider each of Appellant's three claims of falsity.

We find that Cummins's first claim, that Warman stated he spoke to the confidential informant, is neither a deliberate falsehood nor a statement made with reckless disregard for the truth. As the Government contends, acceptance of Appellant's position would lead to absurd results. Presumably, Cummins would have no problem with the affidavit had Detective Wilson simply handed the phone to the informant. We agree with the District Court that, in evaluating the case in a "common sense" and "realistic" way, "the fact that the infor-

mant information was relayed by Wilson rather than stated to Warman by the informant directly over the telephone is a distinction without a difference." *U.S. v. Cummins*, No. 88-00113, memorandum op. at 5 (W.D.Ky., June 9, 1989).

Moreover, *Franks* indicates that "[a]llegations of negligence or innocent mistake are insufficient." *Franks v. Delaware*, 438 U.S. at 171, 98 S.Ct. at 2684. Any inaccuracy in Detective Warman's statement that he "received information from a confidential, reliable informant" was properly dismissed as negligent or innocent.

Appellant next argues that Detective Warman fabricated details regarding the confidential informant's reliability. The affidavit stated that the confidential informant was a

> confidential reliable informant ... who over the past two years had provided information that has led to the arrest and conviction of several persons for trafficking and/or possession of illegal controlled substances, and the seizure of several thousand dollars worth of illegal controlled substances.

At the hearing, Detective Warman testified "Wilson told me that this person had done deals for him in the past, in the past few years; and I asked him if he was reliable and done stuff for me. He said, yes; and that's the basis for this." (Joint Appendix, p. 77). Detective Wilson also testified that the informant had given reliable information in the past. (Joint Appendix, p. 94).

It is clear that Detectives Wilson and Warman both gave testimony consistent with the statement that the confidential informant had given reliable information to Detective Wilson in the past. That the hearing testimony was less specific than the statement in the affidavit is not evidence of deliberate falsehood or reckless disregard for the truth.

Appellant's final attack on the warrant, the only claim supported by the affidavits of Appellant and his counsel presented to the Magistrate, is that the statement that the confidential informant had seen Appellant in the apartment in possession of the cocaine is false.

Wilson testified that the confidential informant did not indicate that Cummins was in the apartment; Warman's affidavit stated that the confidential informant indicated that Cummins was there.[2] However, this

---

**2.** The affidavit stated:

The CI stated he/she had been to 4811 South 3d, apartment 6B within the past 48 hours and while there saw in the possession of Robert Cummins several packages of cocaine, the CI stated that Robert Cummins keeps a large amounts [sic] of cocaine at this location.

When questioned about what the informant told him, Detective Wilson testified:
Q. Would you tell the Court exactly what the informant told you?
A. That there was a large quantity of cocaine in the apartment, some of which was packaged for sale.
    \*   \*   \*   \*   \*   \*
Q. Did the informant tell you anything else?
A. Probably, like maybe where some of the cocaine was located.
    \*   \*   \*   \*   \*   \*
Q. Well, will you tell us exactly what the informant told you.
    \*   \*   \*   \*   \*   \*
Q. Relative to this apartment.
A. Well, I mean the information that there was cocaine in there and where it was at.
    \*   \*   \*   \*   \*   \*
Q. Did the informant tell you how he got this information that you just told us about?

A. Yes sir.
Q. And what did he tell you?
A. The informant said that whoever the informant was had the occasion to be inside the apartment to see it.
    \*   \*   \*   \*   \*   \*
Q. And you know that there was [sic] other people in there with the informant?
A. The best I can remember, it seems like there was.
Q. Well, Mr. Cummins wasn't one of those people, was he?
A. Not to my knowledge.
Q. And you never—when you talked to Detective Warman, you never told him any lies about what the informant—your informant had told you?
A. No sir.
(Joint Appendix, Pp. 94–101).

discrepancy does not support a finding of deliberate falsehood or reckless disregard for the truth. Appellant bears the burden of proving deliberate falsehood or reckless disregard for the truth by a preponderance of the evidence. *Franks v. Delaware,* 438 U.S. at 156, 98 S.Ct. at 2676–77. Nevertheless, Appellant failed to examine Detective Warman, the affiant, regarding the statement he made in the affidavit that the confidential informant saw Cummins in the apartment. Warman's statements, not Wilson's, were the subject of the *Franks* hearing. Although there is a discrepancy, Appellant's proofs fail to demonstrate that the affiant swore falsely or with reckless disregard for the truth. Moreover, the government asserts that the discrepancy itself can be explained as a lapse of memory by Wilson or a misunderstanding by Warman. There is no evidence to the contrary. Clearly, then, Appellant has not met his burden of proof in showing deliberate falsehood or reckless disregard for the truth.

Moreover, this Court has previously made clear that, before a false statement becomes the basis for setting aside a warrant, a deliberate falsehood must be material. *U.S. v. Campbell,* 878 F.2d at 173. Whether Cummins was or was not in the apartment is immaterial. The material fact in the affidavit supporting the search warrant was that large amounts of cocaine were in the specifically identified apartment. Therefore, even if Appellant had proven deliberate falsehood or reckless disregard for the truth, the falsehood would not be material.

We therefore hold that Appellant has failed to meet his burden of proof in establishing deliberate falsehood or reckless disregard for the truth in the affidavit supporting the search warrant.[3] On this basis, we affirm the District Court's denial of the Motion to Suppress.

**3.** While we have found no *Franks* violation after analyzing all the allegations made by Appellant, we do not countenance the actions of Detective Warman in failing to set out the true and complete details of the information supplied by the confidential informant to Detective Wilson in

### III

■ Appellant's second contention is that the Magistrate erred in not requiring the Government to disclose the identity of the confidential informant so that he or she could be called to testify regarding the statements in Warman's affidavit. Appellant argues in the alternative that the Magistrate should have conducted an in camera hearing in which he questioned the confidential informant regarding the allegedly false statements in Warman's affidavit.

Due process does not require the disclosure of an informant's identity at a suppression hearing. *U.S. v. Raddatz,* 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980); *McCray v. Illinois,* 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967).

In *Raddatz,* the Court stated:

[A]lthough the Due Process Clause has been held to require the Government to disclose the identity of an informant at trial, provided the identity is shown to be relevant and helpful to the defense, *Roviaro v. United States,* 353 U.S. 53, 60–61, 77 S.Ct. 623, 627–28, 1 L.Ed.2d 639 (1957), it has never been held to require the disclosure of an informant's identity at a suppression hearing. *McCray v. Illinois,* 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967). We conclude that the process due at a suppression hearing may be less demanding and elaborate than the protections accorded the defendant at the trial itself.

*Id.* 447 U.S. at 679, 100 S.Ct. at 2414.

*Raddatz* also made clear that the decision of whether or not to require disclosure is generally left to the discretion of the trial court. *Id.* at 680–81, 100 S.Ct. at 2414–15. That is the practice in the Sixth Circuit. *U.S. v. Sharp,* 778 F.2d 1182 (6th Cir.1985), *cert. denied,* 475 U.S. 1030, 106 S.Ct. 1234, 89 L.Ed.2d 342 (1986).

the warrant application. We must review carefully and skeptically any such "second hand" procedure utilized by the police when the use of such procedure is not evident on the face of the warrant.

**104**

■ In exercising his discretion in this case, the Magistrate ordered the Government to disclose to him in camera the name of the informant, whether the informant was paid, and the basis of the payment to the informant. Based on the information he received, the Magistrate determined that neither disclosure of the confidential informant's name nor an in camera interview was necessary. There is no reason to disturb that exercise of discretion on appeal.

The Appellant argues that the Magistrate's refusal to disclose the identity of the confidential informant or hold an in camera interview effectively insulates Detective Wilson from responsibility for false statements. This is not so. At the time Detective Wilson spoke to Detective Warman, Detective Wilson knew that his statement could, if deemed necessary, be verified by an interview with the confidential informant. Detective Wilson thus was no more insulated than an officer who talks to a confidential informant and swears the warrant himself. Moreover, Detective Wilson was subject to examination and cross-examination at the suppression hearing, just as if he had sworn to the affidavit. The method of relaying information in this case should not change the result.

In light of the discretionary nature of the trial court's decision and the fact that due process does not require disclosure at a suppression hearing, we affirm the District Court's decision not to require the Government to disclose the identity of the confidential informant and not to conduct an in camera hearing.

The judgment of the District Court is affirmed.