42 F.3d 1389
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jerome KELLY, Defendant-Appellant.
 No. 94-5325.
 United States Court of Appeals, Sixth Circuit.
 Nov. 23, 1994.
 
 Before: KENNEDY, CONTIE and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Jerome Kelly appeals from his conviction and sentence for possession with intent to distribute cocaine, 21 U.S.C. Sec. 841(a)(1), and use of a firearm during a drug trafficking crime. 18 U.S.C. Sec. 924(c)(1)(2). The parties have waived oral arugment and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Seeking to suppress evidence seized at the time of his arrest, Kelly filed two pre-trial motions. In the first motion, Kelly sought to suppress the cocaine, a firearm, and an inculpatory statement. In the second motion, Kelly sought to identify and interview the confidential informant who gave police the information that led to his arrest.
 
 
 3
 The district court conducted an evidentiary hearing and concluded that the motions were without merit. Thereafter, Kelly, with the approval of the district court and with the consent of the government, entered a Fed.R.Crim.P. 11(a)(2) conditional plea of guilty reserving the right to appeal the denial of his motions. The district court sentenced Kelly to 105 months of imprisonment.
 
 
 4
 In his timely appeal, Kelly reasserts that the evidence seized at his arrest should have been suppressed and that he is entitled to know the identity of the confidential informant and to interview the informant in camera.
 
 
 5
 This court reviews the district court's decision on Kelly's motion to suppress evidence under two complementary standards. First, the district court's findings of fact are upheld unless clearly erroneous; and second, the court's legal conclusion as to the existence of probable cause is reviewed de novo. United States v. Leake, 998 F.2d 1359, 1362 (6th Cir.1993). An order denying a motion to suppress evidence will be affirmed on appeal if proper for any reason. United States v. Barrett, 890 F.2d 855, 860 (6th Cir.1989). The court reviews the district court's decision on Kelly's motion to identify and interview the confidential informant for abuse of discretion. See United States v. Cummins, 912 F.2d 98, 103 (6th Cir.1990).
 
 
 6
 The district court properly denied Kelly's motion to suppress evidence seized at the time of his arrest. Kelly argues that he was arrested without probable cause and that the evidence seized as a result of that arrest is tainted as fruit of the poisonous tree. See Wong Sun v. United States, 371 U.S. 471 (1963). An officer has probable cause if the facts and circumstances within the officer's knowledge are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense. Michigan v. DeFillippo, 443 U.S. 31, 37 (1979). Adopting a totality-of-circumstances approach, the Supreme Court in Illinois v. Gates, 462 U.S. 213, 238 (1983), stated that probable cause exists if there is a fair probability that contraband or evidence of a crime will be found in a particular place.
 
 
 7
 Probable cause existed in this case because a reliable confidential informant gave police sufficiently accurate information to raise a fair probability that crack cocaine would be found in Kelly's car. In Gates, the Supreme Court concluded that an informant's veracity, reliability and basis of knowledge are critical to a probable cause determination. In United States v. Pasquarille, 20 F.3d 682 (6th Cir.1994), petition for cert. filed, (U.S. June 29, 1994), police officers stopped and searched a truck after receiving information from an informant who described the type, color, and license plate of the vehicle. In Pasquarille, this court found that the police had probable cause when the police officer acted upon the eyewitness informant's account and personally verified the information, except whether the van was involved in selling or possessing narcotics. Id. at 687.
 
 
 8
 In this case, Officer Steve Lee received a telephone call from a confidential informant with whom he had worked for several months. Officer Lee testified that the informant's veracity and reliability had been well established in previous cases in which they had worked. The informant told Lee that two black men were selling crack cocaine. He said that they were in a blue "Ninety-Eight" Oldsmobile with a Montgomery County license plate. The informant told Lee that the car was parked on Washington Street in Paris, Tennessee, in front of a beer joint called "Preacher Howard's." The informant also told Officer Lee that he had seen the crack cocaine, thus establishing that the informant's information was "fresh" and his basis of knowledge was that of an eyewitness. Lee knew from his own experience that the area around Washington Street was infamous for drug dealing.
 
 
 9
 Officer Lee and police officers from the Paris Police Department corroborated by personal observation the information regarding identification. See Adams v. Williams, 407 U.S. 143, 146-47 (1972) (probable cause established although the information that was corroborated was strictly neutral identification information). A drug dog alerted to the car's back bumper. A trained drug dog's indication that narcotics are present provides police with a fair probability that contraband or evidence of a crime will be found. See United States v. Diaz, 25 F.3d 392, 394 (6th Cir.1994); United States v. Knox, 839 F.2d 285, 294 n. 4 (6th Cir.1988), cert. denied, 490 U.S. 1019 (1989). The police officers allowed the drug dog to sniff the car's interior. The dog alerted to the seat where Kelly had been sitting. Kelly was taken to jail for the purpose of conducting a strip search. Before entering the jail, he produced a bag of cocaine "rocks" from the crotch of his pants and admitted that the gun and drugs belonged to him.
 
 
 10
 In view of the totality of the circumstances, we conclude that the confidential informant's veracity, reliability, and basis of knowledge sufficiently established a fair probability that crack cocaine would be found in Kelly's car. The informant was referred to Officer Lee from another police agency where the informant had provided useful and reliable information for several years. The informant is not a felon, and his work with Officer Lee has resulted in four search warrants. Finally, the informant had tried to reach Officer Lee with information regarding Kelly's drug selling activities previous to this time, but was unable to reach Officer Lee. Thus, the informant's reliability and, by extension, the existence of probable cause to search Kelly's car were sufficiently established.
 
 
 11
 The district court properly denied Kelly's motion for disclosure of the informant's identity. The district court held an in camera hearing with the parties. No in camera interview of the informant was conducted by the court. Although there is no fixed rule, disclosure has usually been required when the informant was an active participant in the events underlying the defendant's potential criminal liability. See Roviaro v. United States, 353 U.S. 53, 62 n. 2 (1957). On the other hand, disclosure has usually been denied when the informant was not a participant, but was a mere tipster. Id. Upon review of each counsel's oral offers of proof, the district court denied Kelly's motion finding that disclosure was neither relevant nor helpful to Kelly's defense. It is undisputed that the informant in this case was a mere tipster and not an active participant in the events underlying Kelly's potential criminal liability. Thus, the informant was not the sole participant, other than Kelly, in the transaction, nor was the informant the only witness in a position to amplify or contradict the testimony of government witnesses.
 
 
 12
 Accordingly, the district court's judgment of conviction and sentence are hereby affirmed.