56 F.3d 66
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Glenn Vincent WILLIAMS, Defendant-Appellant.
 No. 94-2075.
 United States Court of Appeals, Sixth Circuit.
 May 24, 1995.
 
 1
 Before: MILBURN and BATCHELDER, Circuit Judges, and TODD, District Judge.*
 
 ORDER
 
 2
 Glenn Vincent Williams appeals his conviction and sentence for possessing a sawed-off shotgun, in violation of 26 U.S.C. Sec. 5861(d). The parties have expressly waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed. R. App. P. 34(a).
 
 
 3
 On April 4, 1994, the district court rejected Williams's motion to suppress the shotgun as the product of an invalid search warrant. His motion to reconsider this order was also denied. On May 3, 1994, Williams pleaded guilty to possessing a sawed-off shotgun, while specifically reserving the right to appeal the denial of his motion to suppress. On September 12, 1994, the district court sentenced Williams to 21 months of imprisonment and 3 years of supervised release. It is from this judgment that Williams now appeals.
 
 
 4
 Williams does not directly challenge the validity of his guilty plea or the calculation of his sentence. His arguments on appeal are based solely on the validity of the search warrant that led to the discovery of the shotgun. While the district court's legal holdings are reviewed de novo, its factual findings regarding suppression issues are examined only for clear error on appeal. United States v. Baro, 15 F.3d 563, 566 (6th Cir. 1994). In the present case, the district court properly examined the totality of the circumstances to determine whether there was probable cause for the warrant. See Illinois v. Gates, 462 U.S. 213, 238 (1983). In addition, the court's description of the basic facts is undisputed, and it is set out below as background for the discussion that follows:
 
 
 5
 This case involves the execution of a search warrant at 8861 Braile in Detroit, Michigan. On July 30, 1991, Alcohol, Tobacco and Firearms (ATF) Agent Anthony Primak received information that a confidential informant had personally observed two suspects, Rowlando Hatter and Nina Amos, storing and in possession of cocaine and a firearm at 8861 Braile. The informant told Agent Primak that Hatter and Amos lived at 8861 Braile, and that they planned to travel to Kalamazoo on the weekend of August 2-4, 1991 for the purpose of selling cocaine. Magistrate Judge Pepe issued a search warrant on July 31, 1991, for a search of the premises located at 8861 Braile, based on the Affidavit of Agent Primak. The warrant was executed on July 31, and the search produced fourteen firearms, small quantities of cocaine and heroin, and $132,834 in cash. The suspects Hatter and Amos were not found at 8861 Braile, but defendant Glenn Vincent Williams and his wife Sherry Berry were present during the search.
 
 
 6
 Williams now argues that the affidavit was not rich with detailed information that would bolster the informant's reliability. However, the affidavit states that the informant had been in the house at 8861 Braile on at least four occasions, had seen two ounces of cocaine and various firearms there and had discussed a major drug transaction with Hatter there during the week before the search. The informant also gave the names of two individuals whom he had met at 8861 Braile. He provided specific dates on which he had seen contraband in the house and described Hatter's plan to transport a large quantity of cocaine to Kalamazoo in the very near future. Thus, the affidavit contains the type of detailed information that is required to support the informant's reliability. See United States v. Leake, 998 F.2d 1359, 1365 (6th Cir. 1993).
 
 
 7
 Primak had been advised by another police officer that the confidential informant had provided reliable information on numerous occasions in the previous two months. Williams argues that Agent Primak was not personally involved in those cases. However, the reliability of confidential informants is often verified by other officers, who have relied on their information in the past. See, e.g., United States v. Hawkins, 969 F.2d 169, 177 (6th Cir. 1992); United States v. Cummins, 912 F.2d 98, 102 (6th Cir. 1990). Thus, the informant's past reliability also weighs in favor of the magistrate judge's finding that there was probable cause for the search warrant. See Gates, 462 U.S. at 233.
 
 
 8
 Williams argues that Primak did not corroborate the information that he received from the confidential informant by conducting an extensive surveillance of 8861 Braile. However, the informant did not indicate that numerous transactions were taking place there, only that Hatter had received a large quantity of cocaine which he intended to transport to Kalamazoo. Moreover, the affidavit indicates that Primak observed a woman entering and leaving the house, who generally matched the description of Hatter's girlfriend, Nicole Amos. It also indicates that Primak corroborated important aspects of the informant's story by checking the criminal histories of Hatter and Amos. This information clearly supports the informant's assertions that Hatter and Amos were involved in drug transactions as a couple. It also corroborates the informant's statement that Hatter intended to take a large amount of cocaine to Kalamazoo for sale, as it indicates that Hatter and Amos had previously been caught driving from Detroit towards Kalamazoo with a large quantity of cocaine and that large amounts of cash had been found on Hatter when he was driving from the direction of Kalamazoo towards Detroit.
 
 
 9
 Williams also argues that the district court should have held an evidentiary hearing on his motion to suppress, as he had made a substantial showing that the warrant was based on reckless or intentionally false misstatements. See Franks v. Delaware, 438 U.S. 154, 155-56 (1978). He first argues that Agent Primak lied about whether Hatter and Amos lived at 8861 Braile. However, the appropriateness of a Franks hearing is questionable because the disputed information is attributable to the confidential informant, rather than the affiant. See Cummins, 912 F.2d at 102-03. Moreover, Primak did not act in reckless or intentional disregard of the truth when he included this statement in his affidavit, as his investigation corroborated other aspects of the confidential informant's story as well as the informant's reliability.
 
 
 10
 This corroborating evidence included Primak's observation of a woman entering and leaving the house who allegedly matched the description of Nicole Amos. Williams now argues that this woman must have been his wife, Sherry Berry, and that Primak must have lied because Berry is much smaller than Amos. However, even if Primak lied about what he saw, his alleged observation of Amos was not critical to the affidavit. Probable cause still existed to support the warrant based on the confidential informant's history of reliability and the other evidence that corroborated his statements regarding Hatter's plan to sell cocaine in Kalamazoo. See Hawkins, 969 F.2d at 177; Cummins, 912 F.2d at 103.
 
 
 11
 Accordingly, the district court's judgment is affirmed.
 
 
 
 *
 The Honorable James D. Todd, United States District Judge for the Western District of Tennessee, sitting by designation