**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**James R. COPE, Defendant–Appellant.**

**No. 02–5905.**

United States Court of Appeals,
Sixth Circuit.

Dec. 10, 2003.

Charles P. Wisdom, Jr., Asst. U.S. Attorney, Lexington, KY, for Plaintiff–Appellee.

Brenda Popplewell, Attorney at Law, Somerset, KY, James R. Cope, London, KY, for Defendant–Appellant.

Before ROGERS and COOK, Circuit Judges; and COHN, District Judge.*

## ORDER

James R. Cope appeals his convictions and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

A federal jury found Cope guilty of conspiracy to possess with intent to distribute

---

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

and distribution of over 100 marijuana plants in violation of 21 U.S.C. § 841(a)(1), manufacturing, growing, and producing more than 100 marijuana plants in violation of 21 U.S.C. § 841(a)(1), and possession with intent to distribute and distribution of more than 100 marijuana plants in violation of 21 U.S.C. § 841(a)(1).

The district court sentenced Cope to 120 months of imprisonment. Trial counsel was granted leave to withdraw and replacement counsel was appointed to represent Cope on appeal.

On appeal, Cope's replacement counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Cope has responded to his counsel's motion to withdraw.

Upon review, we hereby grant counsel's motion to withdraw as it reflects that counsel has reviewed the entire record and proceedings and concluded that no grounds for relief can be sustained. Although believing the appeal to be without merit, counsel submits the following issues for review: 1) whether the district court erred when it denied Cope's motion to suppress evidence recovered at a house on Doe Creek Road ("Doe Creek"); 2) whether surveillance recordings should have been suppressed; 3) whether the district court erred in denying Cope's motion for a directed verdict; 4) whether the jury's finding of the number of marijuana plants was unlawful; and 5) whether trial counsel rendered ineffective assistance.

In response to counsel's motion to withdraw, Cope has filed a pro se brief in which he essentially echoes the issues asserted by counsel, but adds that: 6) the district court erred in not dismissing the superseding indictment.

■ Before trial, Cope moved the district court to suppress evidence recovered at a house on Doe Creek Road. Cope argued that the affidavit supporting the application for the search warrant contained misinformation which rendered it invalid. In particular, Cope argued that the affidavit did not adequately establish that he lived in the Doe Creek house. A warrant that contains deliberately or recklessly false allegations is invalid unless the remaining portions of the affidavit provide probable cause. *Franks v. Delaware*, 438 U.S. 154, 171–72, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). Thus, a court considering whether to suppress evidence based on an allegation that the underlying affidavit contained false statements must apply a two-part test: 1) whether the defendant has proven by a preponderance of the evidence that the affidavit contains deliberately or recklessly false statements; and 2) whether the affidavit, without the false statements, provides the requisite probable cause to sustain the warrant. *United States v. Charles*, 138 F.3d 257, 263 (6th Cir.1998) (citing *Franks*, 438 U.S. at 171–72, 98 S.Ct. 2674).

The district court properly admitted into evidence the items seized from the Doe Creek house. Probable cause for the issuance of a search warrant is defined in terms of whether the affidavit sets out facts and circumstances which indicate a fair probability that evidence of a crime will be located on the premises of the proposed search. *United States v. Bowling*, 900 F.2d 926, 930 (6th Cir.1990). In reviewing where such a probability existed, this court examines the totality of the circumstances, *see Illinois v. Gates*, 462 U.S. 213, 230, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), using a "deferential standard." *Bowling*, 900 F.2d at 930. The district court found that the affidavit was specific with regard to the property to be searched and that it specifically excluded other houses in the area. Moreover, the court

found that the affidavit filed in support of the search warrant set forth sufficient probable cause inasmuch as it detailed the confidential informant's interactions with the defendant concerning Cope's growing of marijuana. The district court regarded Cope's contention that he did not live in the house as one that would not seem to make much difference because Cope had access to the house that was searched and that it was a "family residence" owned by Cope's parents. Thus, the court concluded that the affidavit accurately conveyed the significant information that the magistrate judge needed to know and that Cope failed to carry the heavy burden of challenging the veracity of statements made in the affidavit. *See United States v. Cummins,* 912 F.2d 98, 101 (6th Cir.1990).

■ The district court properly admitted into evidence surveillance recordings of Cope carrying trays of marijuana plants. Cope did not preserve this issue for appeal. Failure to raise an objection in the district court to preserve an evidentiary issue limits appellate review to a plain error inquiry. *United States v. Cowart,* 90 F.3d 154, 157 (6th Cir.1996) (finding that a plain error standard applies when a defendant fails to object to the admission of evidence in the district court). To establish plain error, a defendant must show that: 1) an error occurred in the district court; 2) the error was obvious or clear; 3) the error affected defendant's substantial rights; and 4) this adverse impact seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *United States v. Emuegbunam,* 268 F.3d 377, 406 (6th Cir.2001), *cert. denied,* 535 U.S. 977, 122 S.Ct. 1450, 152 L.Ed.2d 392 (2002).

The district court did not plainly err in admitting the surveillance recordings into evidence. As part of a "sting" operation, police officials set up video and audio re-cording devices in the confidential informant's building. Cope contends that he had a legitimate Fourth Amendment expectation of privacy in the informant's home and buildings. He also contends that the videotaped surveillance violates Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510–20.

Generally, to have standing to contest a search, a defendant must have a legitimate expectation of privacy in the thing that was searched. *See Rawlings v. Kentucky,* 448 U.S. 98, 104–06, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980), and "[a] person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed." *Rakas v. Illinois,* 439 U.S. 128, 134, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). Cope cites no authority for the proposition that he has an objective expectation of privacy in the property of the informant with whom he shared no special relationship. He was merely a visitor to the informant's property delivering a tray of marijuana plants. A temporary visitor to a residence may claim no legitimate expectation of privacy, particularly where, as here, the person seeking the protections of the Fourth Amendment was on the premises for the sole purpose of engaging in a drug-related business transaction. *United States v. Harris,* 255 F.3d 288, 294–95 (6th Cir.2001). Cope's subjective expectation of privacy is not relevant where there is no objective expectation of privacy. *See United States v. McIver,* 186 F.3d 1119 (9th Cir.1999).

The second half of Cope's contention is also meritless. Cope also contends that the videotaped surveillance of him violates Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C.

§§ 2510–20. However, Title III has no application to video surveillance. *United States v. Torres*, 751 F.2d 875, 880–82 (7th Cir.1984). The trial court properly declined to suppress the evidence.

■ The district court did not err in denying Cope's motion for a directed verdict. This court reviews a challenge to the district court's denial of a motion for acquittal or directed verdict under the same standard as the district court. In deciding whether evidence is sufficient to withstand a motion for acquittal, the court must view the evidence and all reasonable inferences in the light most favorable to the government. If the evidence is such that the court concludes that a reasonable mind might fairly find guilt beyond a reasonable doubt, the issue is one for the jury. If the evidence is such that we conclude that there must be some doubt in a reasonable mind, the court must reverse a denial of an acquittal motion. *United States v. Cordell*, 924 F.2d 614, 618 (6th Cir.1991) (citing *United States v. Gibson*, 675 F.2d 825, 829 (6th Cir.1982).

The evidence and all reasonable inferences in the light most favorable to the government lead one inexorably to the conclusion that a reasonable mind might fairly find guilt beyond a reasonable doubt. Cope was videotaped delivering marijuana plants, claiming to have cared for the growing of the plants, and accepting money in payment for the plants. A search of the Doe Creek house revealed an underground "grow" operation. In light of the foregoing, the district court properly declined to grant Cope's motion for a directed verdict.

Cope's fourth appellate argument is meritless. He contends that the jury's finding with regard to the number of marijuana plants for which he was responsible is unlawful in light of the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Cope was sentenced to the mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B). *Apprendi* does not apply to mandatory minimum sentences. *Harris v. United States*, 536 U.S. 545, 563–64, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002).

To the extent that Cope might wish to assert an ineffective assistance of counsel claim, that claim is not reviewable in this proceeding. Generally, ineffective assistance of counsel claims are not cognizable in a direct criminal appeal because the record is inadequate to permit review, and hence they are more properly raised in a motion to vacate under 28 U.S.C. § 2255. *United States v. Shabazz*, 263 F.3d 603, 612 (6th Cir.2001); *United States v. Neuhausser*, 241 F.3d 460, 474 (6th Cir.2001). The customary procedure is to permit the defendant to raise his ineffectiveness of counsel claim in a proper post-conviction proceeding under 28 U.S.C. § 2255, where, if necessary, additional evidence, including an evidentiary hearing, may be permitted. *Massaro v. United States*, 538 U.S. 500, 123 S.Ct. 1690, 1694, 155 L.Ed.2d 714 (2003); *United States v. Tucker*, 90 F.3d 1135, 1143 (6th Cir.1996). There exists no justification for departing from the customary procedure in this case.

■ Finally, the argument that Cope raises in his pro se response to counsel's motion to withdraw is meritless. Cope contends that the district court erred in not dismissing the superseding indictment. The only discernible difference between the original indictment and the superseding indictment is the addition of "Owsley County" to the latter, whereas the original mentioned only Lee County. Cope appears to argue that the counts in the superseding indictment failed to properly specify the county or counties in which the federal violations occurred. He did not, however, file a motion to dismiss the su-

perseding indictment based on any such argument.

Rule 7(c)(1) of the Federal Rules of Criminal Procedure provides, in part, that the indictment shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. It need not contain any other matter not necessary to such a statement. Each count in the superseding indictment in this case specifies an appropriate title and section of the criminal code that Cope was alleged to have violated, and contains the basic facts constituting the offense. Cope was thus given proper notice of the charges against him as required by Rule 7(c)(1). The indictment need not present the government's detailed evidence establishing that Cope committed the offenses. *See Hamling v. United States,* 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974) ("Our prior cases indicate that an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.").

■ We have further examined the record in this case, including the transcripts of Cope's motion to suppress hearing, trial and sentencing hearing, and found no reversible error apparent from the record. Cope was videotaped delivering marijuana plants, he was recorded explaining how he had cared for the plants, and the house on Doe Creek had a "grow room" dug from under the house and hidden by a secret trap door under a dresser in the bedroom. Cope denied possessing or participating in a conspiracy to grow or distribute marijuana. However, the record clearly reveals evidence from which a rational trier of fact could have found the essential elements of Cope's crimes beyond a reasonable doubt.

*See Jackson v. Virginia,* 443 U.S. 307, 324, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

Accordingly, we hereby grant counsel's motion to withdraw and affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.